**Original filed 9/15/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED LEON JACKSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>CHARLES DUDLEY LEE, M.D., et al.<br><br>        Defendants. | No. C 05-4110 JF (PR)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Docket No. 2) |

    Plaintiff, an inmate at Salinas Valley State Prison proceeding pro se, filed a civil rights complaint concerning his medical care against Dr. Charles Dudley Lee, C. Kates, B. Sullivan, the California Department of Corrections and Rehabilitation ("CDCR") and Salinas Valley State Prison ("SVSP") and "Does" 1 through 50. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. Plaintiff has filed a motion for a temporary restraining order and preliminary injunction. The Court will DENY Plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 2) without prejudice. The Court will review the merits of the complaint in a separate written order.

\\\

**BACKGROUND**

Plaintiff complains that Salinas Valley State Prison medical personnel provided inadequate medical care and were deliberately indifferent to his medical needs. Plaintiff claims that Defendants Lee, Kates, Sullivan and "Does" 1-50 conspired to enter into an agreement to disregard his medical condition and deny him medical supplies in violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff also alleges claims of discrimination under the Americans With Disabilities Act, 42 U.S.C.§ 12101 et seq., ("ADA") and the Federal Rehabilitation Act, 29 U.S.C. § 794(a). Plaintiff seeks compensatory, special, and punitive damages in the form of monetary relief, a declaratory judgment, injunctive relief and attorneys fees.

**DISCUSSION**

A.   Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff filed a motion for temporary restraining order and preliminary injunction. Plaintiff requests that the Court order Defendant Lee, M.D., to provide Plaintiff with the following prescribed medical supplies immediately: ambulator shoes, two wedge pillows to elevate Plaintiff's legs and feet, and sweat pants to accommodate the swelling in Plaintiff's lower extremities. See Pl.'s Mot. at 3. Plaintiff also asks the Court to refer the instant civil rights action to the United States Attorney's Office for investigation of potential criminal prosecution for the violation of federal criminal civil rights statutes. Id.

The Ninth Circuit has held that requests for injunctive relief may be based upon either of two sets of criteria. The "traditional" test requires the movants to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants[1]; and (4) show that granting the injunction favors the public interest. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200

---

[1] The district court cannot properly balance the hardships without taking into account the hardship, or lack of hardship, to the non-movants. Armstrong v. Mazurek, 94 F.3d 566, 568 (9th Cir. 1996).

1   (9th Cir. 1980).

2   The "alternative" test requires that the movants demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor.  See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990); Alaska v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988); American Motorcyclist Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  Diamontiney, 918 F.2d at 795.  At the very least, however, the moving party must show a fair chance of success on the merits.  Armstrong v. Mazurek, 94 F.3d 566, 567 (9th Cir. 1996).

The Court concludes that Plaintiff have not shown sufficient facts to establish that he actually faces irreparable harm due to the alleged failure to receive medical supplies at this time.  Although the medical treatment provided to Plaintiff may not meet his satisfaction, Plaintiff has not shown that he is in imminent danger due to any severe medical condition without these supplies.  Nor has plaintiff shown his probable success on the merits.  Accordingly, Plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 2) is DENIED without prejudice.

## CONCLUSION

Plaintiff's motion for a temporary restraining order and preliminary injunction (docket no. 2) is DENIED without prejudice.  The Court will review Plaintiff's complaint in a separate written order.

IT IS SO ORDERED.

DATED:  9/14/06                    /s/jeremy fogel
                                   JEREMY FOGEL
                                   United States District Judge

1  A copy of this order has been mailed to:

2

3  Fred Leon Jackson, Jr.
K-15359/ B-4 142-L
Salinas Valley State Prison
4  P.O. Box 1050
Soledad, CA  93960-1050

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Without Prejudice
P:\pro-se\sj.jf\cr.05\Jackson110dentro