1
2
3
4
5
6
7
8
9
10
11
12

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

13  FRED LEON JACKSON JR.,                  )        No. C 05-04110 JF (PR)
                                            )
14              Plaintiff,                  )        ORDER GRANTING MOTION TO
                                            )        DISMISS; DISMISSING REMAINING
15  vs.                                     )        CLAIMS
                                            )
16                                          )
                                            )
17  CHARLES D. LEE, et al.,                 )
                                            )
18              Defendants.                 )
    _____)        (Docket No. 28)
19

20          Plaintiff, a California prisoner incarcerated at the High Desert Prison in Susanville,

21  California, filed in pro se the instant civil rights action pursuant to 42 U.S.C. § 1983

22  against prison officials as Salinas Valley State Prison ("SVSP").  Defendants Charles Lee

23  and C. Kates move to dismiss the complaint on the grounds that Plaintiff has failed to

24  state a claim on which relief may be granted and that they are protected from suit by the

25  doctrine of qualified immunity.  Plaintiff has not filed an opposition to the motion, even

26  though he was given sufficient time in which to do so.  After reviewing the complaint and

27  all submitted papers, the Court concludes that Plaintiff has failed to state a claim under §

28  1983 and accordingly will GRANT Defendants' motion.

1

**BACKGROUND**

2    According to the complaint, Plaintiff was transferred to SVSP from the California

3  State Prison - California Medical Facility ("CMF") on February 10, 2005.  Plaintiff

4  claims that he is a "disabled" person as defined by the ADA, (Compl. at 2), and that he

5  suffers from asthma, coronary artery disease, three previous heart attacks, severe

6  obstructive sleep apnea, hypertension, mobility impairments and neuropathy, (id. at 5).

7  For these medical conditions, Plaintiff alleges that he had been prescribed several medical

8  supplies, including sweat pants, ambulator shoes, two wedge pillows, diapers, and extra

9  clothing and bedding.  (Id. at 6.)  Plaintiff filed several administrative appeals when he

10  did not receive all the medical supplies.  As a result of the SVSP officials' alleged failure

11  to provide Plaintiff with all the prescribed medical supplies, Plaintiff claims that he had to

12  defecate on himself and that he suffered physical injuries to his legs and feet, including

13  infection, pain, discomfort, humiliation and emotional harm.  (Id. at 7.)

14    Plaintiff alleges the following claims: (1) SVSP officials violated his right against

15  cruel and unusual punishment under the Eighth Amendment; (2) SVSP officials acted

16  with deliberate indifference by interfering with and withholding prescribed medical

17  supplies; (3) SVSP officials conspired to violate Plaintiff's Eighth Amendment right; (4)

18  SVSP and CDCR violated his rights under the Americans with Disabilities Act ("ADA"),

19  42 U.S.C. § 1231, et seq.; and (5) SVSP and CDCR violated his rights under the

20  Rehabilitation Act, 29 U.S.C. § 794.  Finding the complaint stated cognizable claims,

21  when liberally construed, the Court ordered service upon Defendants.  (Docket No. 15.)

22

23

**DISCUSSION**

24  **I.    Plaintiff's Eighth Amendment Claims 1-3**

25    Plaintiff alleges that Defendants Lee, Kates and Sullivan subjected him to cruel

26  and unusual punishment and acted with deliberate indifference to his medical needs by

27  "knowingly interfering and withholding prescribed and ordered medical care and

28  treatment and medical supplies" which resulted in "unnecessary and wanton infliction of

1  pain and emotional injury" to Plaintiff.  (Compl. at 11.)  Plaintiff claims that these

2  defendants conspired to deprive him of his Eighth Amendment rights.  (Id. at 12.)

3         Deliberate indifference to serious medical needs violates the Eighth Amendment's

4  proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104

5  (1976).  A determination of "deliberate indifference" involves an examination of two

6  elements: the seriousness of the prisoner's medical need and the nature of the defendant's

7  response to that need.  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

8  overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.

9  1997) (en banc).

10        A serious medical need exists if the failure to treat a prisoner's condition could

11 result in further significant injury or the "unnecessary and wanton infliction of pain."  Id.

12 (quoting Estelle, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or

13 patient would find important and worthy of comment or treatment; the presence of a

14 medical condition that significantly affects an individual's daily activities; or the

15 existence of chronic and substantial pain are examples of indications that a prisoner has a

16 serious need for medical treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900

17 F.2d 1332, 1337-41 (9th Cir. 1990)).

18        A prison official is deliberately indifferent if he knows that a prisoner faces a

19 substantial risk of serious harm and disregards that risk by failing to take reasonable steps

20 to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In order for deliberate

21 indifference to be established, there must be a purposeful act or failure to act on the part

22 of the defendant and resulting harm.  See McGuckin, 974 F.2d at 1060; Shapley v.

23 Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

24        Defendants contend that Plaintiff has failed to state a claim for any violation of the

25 Eighth Amendment because the complaint and exhibits thereto show that: (1) Defendants

26 were not subjectively deliberately indifferent to a serious medical need; (2) Defendants'

27 actions were not the actual and proximate cause of any alleged injury; and (3) Defendant

28 Lee is not vicariously liable.  (Defs.' Motion at 8.)

1          **A.      Claims against Defendant Lee**

2          According to the complaint, Defendant Lee partially granted Plaintiff's appeal

3   concerning prescribed medical supplies at the second level of review on April 14, 2005.

4   (Compl. Ex. F.)  In the second level response, Defendant Lee notes that another doctor

5   prescribed the following for Plaintiff: a barrier-free, wheelchair access, ground floor cell;

6   a bottom bunk; ambulator shoes; a wheelchair with cushion; sweat pangs and extra large

7   clothing; extra clothing and bedding; diapers; and a pressure mattress.  (Id. at 2.)

8   Defendant Lee's second level response also states that a recent call to the Medical Supply

9   Warehouse revealed that Plaintiff had received his wheelchair cushion (for a wheelchair

10  already in Plaintiff's possession) and Ted hose (anti-embolism stockings) on March 22,

11  2005.  (Id.)  The Warehouse also stated that they were awaiting delivery of wheelchair-

12  gloves and pressure mattress from an outside vendor, which would occur within the next

13  thirty days.  (Id.)  Plaintiff was advised in the second level response to notify his custody

14  staff when he needed the extra clothing and bedding, and to notify facility clinic staff if

15  he did not receive diapers as scheduled.  (Id.)

16         Plaintiff also alleges that Defendant Lee issued a transfer chrono on February 11,

17  2005, which the Court notes was the day after Plaintiff was received in SVSP, for

18  Plaintiff to be transferred back to CMF because Plaintiff was an "inmate with high risk

19  medical conditions who cannot be appropriately managed medically at SVSP."  (Compl.

20  Ex. B.)  The transfer order was later rescinded on July 20, 2005, based on the fact that the

21  recent development of a "High Risk program" and the "presence of Physical Therapy" at

22  SVSP meant that SVSP was capable of providing for all of Plaintiff's medical needs.

23  (Id., Ex. H.)

24         The Court concludes that Plaintiff has not stated a cognizable claim against

25  Defendant Lee for violations of Plaintiff's Eighth Amendment rights.  Plaintiff's

26  allegations with respect to Defendant Lee's actions fail to show that Defendant Lee either

27  purposely acted or failed to respond to Plaintiff's medical needs and that his actions

28  resulted in harm.  See McGuckin, 974 F.2d at 1060.  Rather, Defendant Lee's partial

1  grant of Plaintiff's appeal and the original decision to transfer Plaintiff back to CMF are

2  clearly efforts to appropriately provide for Plaintiff's medical needs.  Nor does Defendant

3  Lee's decision to rescind the transfer indicate deliberate indifference to Plaintiff's

4  medical needs since SVSP had by then developed appropriate medical programs that

5  could accommodate those needs.  It cannot be said that Defendant Lee was deliberately

6  indifferent to Plaintiff's medical needs when he took reasonable steps to abate the

7  potential risk of further harm to Plaintiff by partially granting the appeals and deciding

8  the proper placement of Plaintiff in the appropriate facility for medical treatment.  <u>See</u>

9  <u>Farmer</u>, 511 U.S. at 837.  Plaintiff has failed to show that Defendant Lee acted with

10  deliberate indifference to a serious medical need, and therefore has failed to state a claim

11  under the Eighth Amendment.

12       Accordingly, Defendants' motion to dismiss the Eighth Amendment claims against

13  Defendant Lee is GRANTED.[1]  Because further amendments will not cure the

14  deficiencies of Plaintiff's claim, Defendant Lee will be terminated from this action and all

15  claims against him will be DISMISSED WITHOUT LEAVE TO AMEND.

16       **B.    Claims against Defendant Kates**

17       According to the complaint, Defendant Kates, the Medical Appeals Analyst,

18  partially granted Plaintiff's "Reasonable Modification or Accommodation Request,"

19  CDCR Form 1824, concerning the prescribed medical supplies on March 10, 2005.

20  (Compl. Ex. E at 4.)   Defendant Kates also reported to the director's level review in a

21  appeal decision dated June 17, 2005, that pursuant to medical chronos Plaintiff possessed

22  a pair of prescribed ambulator shoes in good condition.  (<u>Id.</u>, Ex. G at 1.)  There are no

23  other specific allegations as to Defendant Kates actions in the complaint.

24       For the same reasons discussed above with respect to the claims against Defendant

25  Lee, Plaintiff also fails to state cognizable claims for violations of his Eighth Amendment

26

27

28   _____

    [1]  Because the Court finds that no constitutional violation occurred, it is not necessary
    to reach Defendant's qualified immunity argument.

1   rights claims against Defendant Kates**.**  It cannot be said that Defendant Kates acted with

2   deliberate indifference when she partially granted Plaintiff's appeal to provide the

3   prescribed medical supplies or when she reported to the director's level review.  Plaintiff

4   has failed to show that Defendant Kates acted with deliberate indifference to a serious

5   medical need, and therefore has failed to state a claim under the Eighth Amendment.

6        Accordingly, Defendants' motion to dismiss the Eighth Amendment claims against

7   Defendant Kates is GRANTED.[2]  Because further amendments will not cure the

8   deficiencies of Plaintiff's claim, Defendant Kates will be terminated from this action and

9   all claims against her will be DISMISSED WITHOUT LEAVE TO AMEND.

10        **C.     Conspiracy Claim**

11        Plaintiff's claim that Defendants conspired to deprive him of his Eighth

12   Amendment rights is DISMISSED.  Conclusory allegations of a conspiracy which are not

13   supported by material facts are insufficient to state a claim under § 1983.  Woodrum v.

14   Woodword County, 866 F.2d 1121, 1126 (9th Cir. 1989).  Furthermore, plaintiff must

15   allege that a constitutional right was violated – conspiracy, even if established, does not

16   give rise to liability under § 1983 unless there is such a deprivation.  Id.  Here, Plaintiff

17   has failed to state cognizable claims showing that his rights under the Eighth Amendment

18   were violated by Defendants Lee and Kates.

19   **II.     Plaintiff's Claims 4 and 5**

20        Plaintiff alleges that SVSP and CDCR violated his rights under the Americans

21   with Disabilities Act ("ADA"), 42 U.S.C. § 1231, et seq, and under the Rehabilitation Act

22   ("RA"), 29 U.S.C. § 794.  Plaintiff states generally that SVSP officials "discriminated"

23   against him in violation of the ADA and the RA.  (Compl. at 13.)  Plaintiff claims that the

24   CDCR and SVSP are liable for the actions of their officials, namely Defendants Lee,

25   Kates and Sullivan.

26

27   _____

28      [2]  Because the Court finds that no constitutional violation occurred, it is not necessary
to reach Defendant's qualified immunity argument.

1        **A.    ADA and RA**

2        Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 <u>et seq.</u>

3  ("ADA"), provides that "no qualified individual with a disability shall, by reason of such

4  disability, be excluded from participation in or be denied the benefits of the services,

5  programs, or activities of a public entity, or be subjected to discrimination by any such

6  entity." 42 U.S.C. § 12132.  Section 504 of the Rehabilitation Act of 1973, as amended

7  and codified in 29 U.S.C. § 794(a) ("RA"), is similar to Title II and provides that "[n]o

8  otherwise qualified individual with a disability, be excluded from the participation in, be

9  denied the benefits of, or be subjected to discrimination under any program or activity

10  receiving federal financial assistance."

11       The elements of a cause of action under the ADA and the RA are essentially the

12  same: (1) the plaintiff is a handicapped person under the relevant statute; (2) he is

13  otherwise qualified; (3) the plaintiff was either excluded from participation in or denied

14  the benefits of the public entity's services, programs or activities (under the ADA), or the

15  relevant program receives federal financial assistance (under the RA); and (4) the

16  defendants impermissibly discriminated against him on the basis of the handicap.  <u>See</u>

17  <u>Bonner v. Lewis</u>, 857 F.2d 559, 562-63 (9th Cir. 1988); <u>cf.</u> <u>Olmstead v. Zimring</u>, 527

18  U.S. 581, 589-90 (1999) (essentially same showing required to state cause of action under

19  Title II of ADA).

20       Defendants contend that while Plaintiff is arguably disabled, the complaint fails to

21  allege any facts that suggest that he did not received his prescribed medical supplies by

22  reason of his disability.  (Defs.' Motion at 12.)  The Court agrees.  The exhibits attached

23  to the complaint show that the delivery of some of Plaintiff's medical supplies was

24  delayed because the Medical Supply Warehouse was awaiting delivery from an outside

25  vendor.  (Compl. Ex. F & Ex. G.)  There also appears to be a possible lack of

26  communication between Plaintiff and custody and facility clinic staff to whom the appeal

27  responses direct Plaintiff to communicate his needs, particularly for extra clothing,

28  bedding and diapers.  (<u>Id.</u>)  It cannot be said that Plaintiff was denied the benefits of the

1    prison's services, programs or activities since his complaint shows that his appeals were

2    partially granted and that he received some if not all of the prescribed medical supplies.

3    Finally, Plaintiff makes no causal link between the alleged failure to provide his

4    prescribed medical supplies and his disability.  Plaintiff makes only conclusory

5    allegations that Defendants are discriminating against him based on his disability, which

6    is insufficient to state a claim for relief.  Accordingly, Defendants' motion to dismiss the

7    claims under the ADA and the RA are GRANTED.

8        Because Defendants Lee and Kates are not liable under the ADA and RA,

9    Plaintiff's claims against Defendants CDCR and SVSP must also be dismissed.

10   Furthermore, under no circumstances is there respondeat superior liability under section

11   1983.  Or, in layman's terms, under no circumstances is there liability under section 1983

12   solely because one is responsible for the actions or omissions of another.  See Taylor v.

13   List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home

14   Village, 723 F.2d 675, 680-81 (9th Cir. 1984); accord Monell v. Dep't of Social Servs.,

15   436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under

16   respondeat superior theory).  Accordingly, Plaintiff's claim against these defendants are

17   DISMISSED.  Defendants CDCR and SVSP will be terminated from this action.

18        **B.    Class Action**

19        Defendants also claim that Plaintiff's claims for declaratory and injunctive relief

20   should be dismissed because they fall directly within the subject matter of two pending

21   class actions, in which Plaintiff is a member, that encompass the equitable relief he seeks:

22   (1) Plata v. Schwarzenegger, No. C-01-1351 THE (N.D. Cal. Apr. 5, 2001); and (2)

23   Armstrong v. Schwarzenegger, No. C-94-2307 CW (N.D. Cal.).  (Defs.' Motion at 13-

24   14.)

25        Individual suits for injunctive and equitable relief from alleged unconstitutional

26   prison conditions cannot be brought where there is a pending class action suit involving

27   the same subject matter.  McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991);

28   Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).  "Individual

1  members of the class and other prisoners may assert any equitable or declaratory claims

2  they have, but they must do so by urging further actions through the class representative

3  and attorney, including contempt proceedings, or by intervention in the class action." Id.

4  Accordingly, Plaintiff's claims for equitable relief regarding the alleged inadequate

5  medical care he is receiving at SVSP are DISMISSED.[3]

6  **III.    Claims against Defendant Sullivan**

7          On October 8, 2008, the Marshal returned the summons for Defendant B. Sullivan

8  unexecuted, noting that "The facility will not accept service. The subject is not at the

9  facility." (See Docket No. 20.)  Accordingly, Defendant Sullivan has not been served.

10         The only specific factual allegation that Plaintiff makes against this defendant is

11 that Defendant Sullivan denied his appeal no June 17, 2005. (Compl. at .)  The attached

12 exhibit in support of this claim is a director's level appeal decision addressing Plaintiff's

13 grievance that he had not received all the prescribed medical supplies, specifically wedge

14 pillows, ambulator shoes, and sweat pants. (Compl. Ex. G.)  The decision found that staff

15 had adequately provide for Plaintiff's needs: (1) Plaintiff did in fact have a pair of

16 ambulator shoes in good condition; (2) although wedge pillows were not included in the

17 medical chrono, Plaintiff was provided with a cushion for his wheelchair; and (3) Plaintiff

18 had been given authorization to wear sweat pants and it was his responsibility to

19 communicate with the clothing room staff who must provide him with the clothing of the

20 appropriate size. (Id.)

21         The Court finds that Plaintiff has failed to state a claim of deliberate indifference

22 to his serious medicals against Defendant Sullivan based upon the denial of the appeal.

23 Because further amendments will not cure the deficiencies of Plaintiff's claim, Defendant

24 Sullivan will be terminated from this action and all claims against this defendant will be

25 DISMISSED WITHOUT LEAVE TO AMEND.

26

27

28      [3] Counsel for the plaintiff class in Plata is: Donald H. Specter, Prison Law Office,
        General Delivery, San Quentin, CA 94964.

1

**CONCLUSION**

2        For the reasons set forth above, Defendants Lee and Kates' motion to dismiss is

3    GRANTED.  (Docket No. 28.)  Plaintiff's claims against Defendants Lee and Kates are

4    DISMISSED, as are the claims against the CDCR and SVSP.  Claims against Defendants

5    Sullivan are DISMISSED.  The clerk shall enter judgment and close the file.

6        IT IS SO ORDERED.

7    DATED: _____9/18/09_____                    _____

8                                                        JEREMY FOGEL
                                                         United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

FRED LEON JACKSON,

            Plaintiff,

  v.

CHARLES D. LEE, et al.,

           Defendants.

_____/

Case Number: CV05-04110 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ____9/21/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fred Leon Jackson K-15359
Califonria Medical Facility
PO Box 2500
Vacaville, CA 95696-2500

Dated: ____9/21/09_____

                    Richard W. Wieking, Clerk